IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYLER GLOVER, Individually, and as
Personal Representative Over the Estate of
DEVON EDWARD GLOVER,

       Plaintiff,

vs.                                                                                 No. CIV 11-0752 JB/LAM

JAN GARTMAN, Warden,
LEA COUNTY DETENTION CENTER,
BRADLEY RICE, CHRISTOPHER COLLINS,
and JAVIER RIOS, in their personal capacity and
official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Christopher Collins and Bradley

Rice's Motion to Stay Discovery and Points Pending a Decision on Qualified Immunity, filed

January 10, 2012 (Doc. 23)("Motion to Stay").  The Court held a hearing on April 25, 2012.  The

primary issue is whether the Court should stay discovery in this case in light of Defendants

Christopher Collins and Bradley Rice's assertions of qualified immunity.  Because Plaintiff Tyler

Glover failed to file a response in opposition to the Motion to Stay, and because Glover does not

oppose the Motion to Stay, the Court will grant the Motion to Stay.  The Court will stay all

discovery in this matter until the Court renders its decision on the Defendants Christopher Collins

and Bradley Rice's  Motion to Dismiss, filed January 10, 2012 (Doc. 24)("Motion to Dismiss").

Plaintiff Tyler Glover, individually, and as personal representative over the Estate of Devon

Edward Glover,  filed his complaint for damages on August 23, 2011. See Doc. 1.  Glover filed an

amended complaint on October 17, 2011. See Doc. 4("Amended Complaint").  Glover asserts four

causes of action against the Defendants in violation of 42 U.S.C. § 1983, including: (I) violation of 42 U.S.C. § 1983 for actively failing to protect the life of the decedent; (ii) deprivation of constitutional rights resulting in death; (iii) violation of substantive due process rights; and (iv) deliberate indifference in training and supervision and ratification of unconstitutional conduct. See Amended Complaint at 5-9.  Glover is seeking compensatory and punitive damages in addition to attorneys' fees and costs.  See Amended Complaint at 10.

On January 10, 2012, the Defendants Christopher Collins and Bradley Rice filed their Motion to Stay based on their defense of qualified immunity.  See Doc. 23.  They ask the Court to stay discovery until the Court rules on the Motion to Dismiss by determining whether qualified immunity bars Glover's claims against the Defendants.  See Motion to Stay at 1.  Glover did not file a written response to the Motion to Stay.  D.N.M.LR-Civ. 7.1(b) provides: "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  At the hearing on April 25, 2012, Glover clarified that he did not oppose the Motion to Stay.  See Transcript of Hearing at 2:9-2:22 (taken April 25, 2012)(Court, Proctor).[1]  Consequently, the Court will grant the Motion to Stay and will stay discovery until the Court rules on the Defendants' Motion to Dismiss.  See Todd v. Montoya, No. 10-0106, 2011 WL 5238900, at *3 (Oct. 4, 2011)(Browning, J.)("Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)); Smith v. Kenny, 678 F.Supp.2d 1093, 1107 (D.N.M. 2009)(Browning, J.)("If a reasonable person could have believed that the actions were lawful, 'defendants are entitled to dismissal before discovery.'" (quoting Workman v. Jordan, 958 F.2d 332,

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

336 (10th Cir.1992)).

**IT IS ORDERED** that the Defendants Christopher Collins and Bradley Rice's Motion to

Stay Discovery and Points Pending a Decision on Qualified Immunity, filed January 10, 2012 (Doc.

23), is granted.   The Court will stay all discovery in this case until the Court renders its decision on

the Defendant's Motion to Dismiss, filed January 10, 2012 (Doc. 24).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Max Houston Proctor
Hobbs, New Mexico

-- and --

Dick A. Blenden
Blenden Law Firm, P.A.
Carlsbad, New Mexico

      *Attorneys for the Plaintiff*

David W. Bunting
Margo Heflick
Melanie Stambaugh
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendants*